# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Veronica Alvarez, n/k/a Figueroa, individually and on behalf of all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 8093 |
| Velocity Investments, LLC, a New Jersey corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Veronica Alvarez, n/k/a Figueroa, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Veronica Alvarez, n/k/a Figueroa ("Alvarez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant

attempted to collect a delinquent consumer debt allegedly owed to Citifinancial.

4. Defendant, Velocity Investments, LLC ("Velocity"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Velocity was acting as a debt collector as to the debt it attempted to collect from Ms. Alvarez.

5. Defendant Velocity is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Velocity conducts business in Illinois.

6. Moreover, Defendant Velocity is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Velocity acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant Velocity sent Ms. Alvarez an initial collection letter dated July 1, 2010, demanding payment of a debt she allegedly owed to Citifinancial. This letter stated, in pertinent part:

\* \* \*

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

\* \* \*

A copy of this letter is attached as Exhibit C.

8.     In fact, the FDCPA has no such 10-day limitation -- unless confirmed in writing -- on an oral notice by a consumer to stop calling a consumer at work.  See, 15 U.S.C. § 1692c(a)(1) and (3).

9.     All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statement

11.    Plaintiff adopts and realleges ¶¶ 1-10.

12.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt.  Defendant violated § 1692e of the FDCPA by falsely stating to Plaintiff, that an oral request by a consumer to not be called at work "will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request".  No such limitation or requirement exists under the FDCPA.

13.    Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(1) and (3) Of The FDCPA --
### Misstating The Consumer's Right To Stop Calls At Work

14.    Plaintiff adopts and realleges ¶¶ 1-10.

3

15. Section 1692c(a)(1) of the FDCPA prohibits communication by a debt collector at any time or place known to be inconvenient to the consumer, while § 1692c(a)(3) of the FDCPA prohibits a debt collector from communicating with a consumer after notice that the consumer is not allowed to receive calls at work. Neither of these provisions require that such notice be confirmed in writing within 10 days. <u>See</u>, 15 U.S.C. § 1692c(a)(1) and (3).

16. By stating that a consumer must confirm, in writing within 10 days, notice to not be called at work, Defendant Velocity violated § 1692c(a)(1) and (3) of the FDCPA.

17. Defendant Velocity's violation of § 1692c(a)(1) and (3) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Veronica Alvarez, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Citifinancial, via the same form collection letter (Exhibit <u>C</u>), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendant Velocity regularly engages in debt collection, using the same form collection letter it sent Plaintiff Alvarez, in its attempts to collect delinquent consumer debts from other persons.

20. The Class consists of more than 35 persons from whom Defendant Velocity attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Alvarez.

21. Plaintiff Alvarez's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff Alvarez will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Alvarez has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Veronica Alvarez, n/k/a Figueroa, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Alvarez as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's debt collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Alvarez and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Veronica Alvarez, n/k/a Figueroa, individually and on behalf of all others similarly situated demands trial by jury.

          Veronica Alvarez, n/k/a Figueroa,
          individually and on behalf of all others
          similarly situated,

          By: /s/ David J. Philipps
          One of Plaintiff's Attorneys

Dated: December 21, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com